RIGGS (O'CALLAGHON v.). See Case No. 7,361.

---

## Case No. 11,829.

### RIGGS v. ST. CLAIR.

[1 Cranch, C. C. 606.] [1]

Circuit Court, District of Columbia. Dec. Term, 1809.

NOTES—INDORSER—DEMAND AND NOTICE—WAIVER—ALTERATION—PRIVITY OF PLAINTIFF.

1. A request by the indorser of a note to the holder, to push the maker, is not evidence of waiver of demand and notice; but is evidence from which the jury may infer due demand and notice.

2. The insertion of the words "value received," after an indorsement, does not avoid

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

the note unless done with the privity of the plaintiff.

Assumpsit upon F. L. Hamilton's note indorsed by the defendant, 28th of May, 1808, at sixty days; protested 2d of August.

Mr. Caldwell, for defendant. The demand ought to have been on the 30th or 31st of July.

F. S. Key, contended that the subsequent conversation, in which the defendant requested the plaintiff to pursue Hamilton and expressed uneasiness, is evidence of a due remand and notice, or of waiver of notice.

Mr. Caldwell. If the conversation was under ignorance of the fact that due notice was not given, it is immaterial. Chit. 102.

Mr. Caldwell, for defendant, prayed the court to instruct the jury that the letter and conversation were not evidence of a waiver of demand on the drawer, or of due notice to the defendant.

THE COURT gave the instruction (FITZHUGH, Circuit Judge, contrà).

F. S. Key, then prayed the court to instruct the jury that the conversation was evidence from which the jury might infer due demand and notice, and THE COURT gave the instruction.

Mr. Caldwell, for defendant, contended that the words value received were inserted since it was indorsed, and therefore avoided the note. Master v. Miller, 4 Term R. 320.

THE COURT was of opinion that the alteration was immaterial, and did not avoid the note unless it was made with the privity of the plaintiff.

Mr. Caldwell then prayed the court to instruct the jury that if they should be satisfied by the evidence that the note was indorsed by the defendant to give a credit to the note and to be discounted at the bank; that it was not discounted, but passed away by Hamilton to Riggs, who took it in lieu of another smaller note of Hamilton's and paid the difference in cash, the plaintiff cannot recover against the defendant more than the amount of the money so paid.

But THE COURT refused, upon the principle of negotiability of the note. The plaintiff is only bound to show that he came fairly by it, as in the case of a note payable to bearer, and lost or stolen, &c.